IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| WIESBLATT LICENSING LLC,<br><br>                Plaintiff,<br><br>  v.<br><br>RAZER USA LTD.,<br><br>                Defendant. | Civil Action No. 6:22-cv-00990-FB |

**DEFENDANT RAZER USA LTD.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................... 1

III. LEGAL STANDARDS ........................................................................................ 2

IV.  ARGUMENT ........................................................................................................ 3

    A.   Plaintiff's Direct Infringement Claim Should Be Dismissed. ................... 3

    B.   Plaintiff's Indirect Infringement Claim Should Be Dismissed. ................ 7

    1.   Plaintiff Fails to Plead Pre-Suit Knowledge. ............................................. 8

    2.   Plaintiff Fails to Plead Post-Suit Induced Infringement. ........................... 8

    3.   Plaintiff Fails to Plead Post-Suit Contributory Infringement. ................... 9

    C.   Plaintiff's Willful Infringement Claims Should Be Dismissed. .............. 10

V.   CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Tex. LLC v. Toyota Motor N. Am. Inc.*,
  No. 6:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..................................... 9, 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................... *passim*

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... *passim*

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................... 5

*Bowlby v. City of Aberdeen, Miss.*,
  681 F.3d 215 (5th Cir. 2012) ................................................................................................ 3

*Carlton v. Freer Inv. Grp., Ltd.*,
  No. 5:15-CV-946-DAE, 2017 WL 11046201 (W.D. Tex. Aug. 8, 2017) ................................. 3

*Castlemorton Wireless, LLC v. Bose Corp.*,
  No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020) .............................. 9

*Chapterhouse, LLC v. Shopify, Inc.*,
  No. 2:18-CV-00300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ....................................... 6

*Conley v. Gibson*,
  355 U.S. 41 (1957) ................................................................................................................ 3

*De La Vega v. Microsoft Corp.*,
  No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ......................... 4, 6

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004) ............................................................................................. 8

*EMA Electromechanics, Inc. v. Siemens Corp.*,
  No. 6:21-CV-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ............................. 11

*Freedman Seating Co. v. Am. Seating Co.*,
  420 F.3d 1350 (Fed. Cir. 2005) ............................................................................................. 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ............................................................................................................ 10

*Grecia Estate Holdings LLC v. Meta Platforms, Inc.*,
  No. 6:21-CV-00677-ADA, 2022 WL 2019296 (W.D. Tex. June 6, 2022) ............................. 7

4890-0479-4180

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) .................................................................................................... 12, 13

*In re Bill of Lading*,
   681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................ 8

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
   No. 1-14-CV-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) .................................. 11

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
   No. 3:18-CV-01074, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018) ......................................... 4

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ............................. 12, 13

*Metricolor LLC v. L'Oreal S.A.*, 7
   91 F. App'x 183 (Fed. Cir. 2019) ........................................................................................ 4

*Monolithic Power Sys. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
   No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sep. 1, 2021) ............................ 12

*Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*,
   No. 6:20-CV-01175-ADA, 2022 WL 299732 (W.D. Tex. Jan. 31, 2022) .............................. 10

*Vervain, LLC v. Micron Tech., Inc.*,
   6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ..................................... 4, 8

*VLSI Tech., LLC v. Intel Corp.*,
   No. 6:19-CV-000254-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ......................... 13

**Codes and Rules**

35 U.S.C. § 271(a) ....................................................................................................................... 3

35 U.S.C. § 271(c) ....................................................................................................................... 8

35 U.S.C. § 284 ..................................................................................................................... 2, 11

Fed. R. Civ. P. 8(a)(2) ................................................................................................................. 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

I.     INTRODUCTION

Defendant Razer USA Ltd. ("Razer" or "Defendant") respectfully moves to dismiss Plaintiff Wiesblatt Licensing LLC's ("Wiesblatt" or "Plaintiff") First Amended Complaint for Patent Infringement ("FAC") under Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure.

Plaintiff's FAC does not cure the issues that Razer raised in its original Motion to Dismiss. Specifically, the FAC still fails to allege sufficient facts to support its claims that Razer directly infringes U.S. Patent No. 8,396,112 (the "'112 Patent"). Just as in the original Complaint, Plaintiff pleads only bare conclusory allegations that parrot the claim language and references a handful of screenshots regarding Razer's products without showing how Razer's products are alleged to infringe each limitation of the '112 Patent. This is insufficient under the well-established *Iqbal/Twombly* pleading standard, and Plaintiff's direct infringement claims should be dismissed.

Likewise, Plaintiff's claims for indirect and willful infringement should also be dismissed. The FAC still does not set forth any factual allegations of <u>pre-suit knowledge</u> of the asserted patent, which is required.

In short, Plaintiff has failed to satisfy its pleading obligations once more. Accordingly, the Court should grant this Motion and dismiss the FAC in its entirety.

II.    STATEMENT OF FACTS

Plaintiff filed its original Complaint on September 21, 2022 (Dkt. No. 1) and the FAC on December 2, 2022 (Dkt. No. 10). In the FAC, Plaintiff accuses Razer's "electronics with circuitry for transferring data," including Razer's laptop computer, the "Razer Blade 15" and Razer's gaming handheld, the "Razer Edge Wi-Fi, Razer Edge Founders Edition, and the Razer Edge 5G" (referred to as the "Accused Instrumentalities" in the FAC), of infringing the '112 Patent. FAC,

¶¶ 19-27.  The '112 Patent purportedly teaches circuitries and methods for transferring data in devices using multi-value analog signals and variable power supply voltage.

In addition, Plaintiff accuses Razer of "inducing" "and/or contributing to" the infringement of the '112 Patent.  *Id.*, ¶ 29.  However, Plaintiff does not—because it cannot—allege any facts relating to pre-suit knowledge of the '112 Patent.  *See id.*, ¶ 21 (alleging only that "Defendant has been on actual notice of the '112 Patent at least as the date it received service of the Original Complaint in this litigation").  Plaintiff also fails to include any factual allegations regarding Razer's alleged specific intent or knowledge of infringement other than the bare contention that "Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element."  *Id.*, ¶ 31.

Plaintiff also seeks enhanced damages pursuant to 35 U.S.C. § 284.  *Id.*, ¶¶ 28, 34.  Even beyond Plaintiff's failure to allege any pre-suit knowledge of the '112 Patent, as noted above, Plaintiff also does not allege any facts from which one could infer Razer has engaged in egregious conduct.  Instead, Plaintiff simply states that "Defendant has a policy or practice of not performing a review of patent rights of others" (*id.*, ¶ 34), but avers no supporting facts.  Plaintiff then asserts in conclusory fashion that "Defendant has been willfully blind to the patent rights of Plaintiff."  *Id*.  These are the entirety of Plaintiff's allegations in its FAC to support its willful infringement claim.

### III.  LEGAL STANDARDS

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a)(2).  Under this rule, the Supreme Court has held that "a plaintiff's obligation to provide the grounds of his entitle[ment] to

relief . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth." *Id.* at 679 (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Instead, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). This requires that "every element of each cause of action must be supported by specific factual allegations." *Carlton v. Freer Inv. Grp., Ltd.*, No. 5:15-CV-946-DAE, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017).

IV.   ARGUMENT

    A.   Plaintiff's Direct Infringement Claim Should Be Dismissed.

Under 35 U.S.C. § 271(a), "an accused product or process is not infringing unless it contains each limitation of the [asserted] claim, either literally or by an equivalent." *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005). To state a claim for relief for patent infringement, *Iqbal*/*Twombly* therefore require that a plaintiff plausibly allege that each and every limitation of at least one claim of each asserted patent is met by the accused products. *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (complaint failed to state a claim upon which relief can be granted where it failed to explain and allege a specific limitation of the exemplary claim); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-CV-01074, 2018 WL 10425908, at *2 (N.D. Tex.

Oct. 9, 2018) (ruling that the factual allegations must permit "a plausible inference that an accused device meets all the limitations of the asserted claims" and that "bare conclusory allegations" that device met all limitations of asserted claim were insufficient; "[a]dditional factual information, at least pleaded on information and belief, is required under the standards of *Twombly* and *Iqbal*"); *see also Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (plaintiff failed to sufficiently plead a claim of patent infringement where it did not allege that accused products contained all the limitations in the asserted claims).

While sparser factual allegations may suffice for simple, mechanical technologies, a higher level of detail is required where, as here, the technology at issue is more complex. *See Vervain, LLC v. Micron Tech., Inc.*, 6:21-CV-00487-ADA, 2022 WL 23469, *2 (W.D. Tex. Jan. 3, 2022) (discussing the Federal Circuit's latest guidance in *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353-56 (Fed. Cir. 2021) on pleading standards for direct infringement claims and granting 12(b)(6) motion, applying a heightened pleading standard based on the "complexity and materiality of the claims"). "Factual content, not just conclusory allegations" is required for pleading "under any standard," but the heightened standard under *Bot M8* requires more. *Id.*

Plaintiff's claimed technology is complex enough to require a heightened level of detail in pleading infringement. But the FAC does not even have the bare minimum needed for less complex technology—Plaintiff simply copies the claim language and includes a few screenshots regarding Razer's products without connecting the images to the claim limitations they purportedly illustrate or providing any explanation, whatsoever, regarding how the screenshots allegedly show infringement. *See* FAC, ¶ 24.

The sum total of Plaintiff's direct infringement allegations are set forth in Paragraph 24 of the FAC, which is divided into two parts: a first part addressing one of the claim limitations at

length, and a second part briefly addressing all the other claim limitations. In the first part, Plaintiff presents eight annotated screenshots that purportedly identify the portion(s) of the Accused Instrumentalities it contends embodies a "variable power supply voltage generator." *See* FAC, ¶ 24 at 8-11. However, Plaintiff fails to provide the necessary factual support for its remaining allegations. *See id.*, ¶ 24 at 11-12. These limitations include:

- "a transmitting circuit … for generating a multi-value analog signal and transmitting the multi-value analog signal to other circuits";
- "a receiving circuit … for receiving the multi-value analog signal and performing A/D conversion to re-generate a multi-value digital signal";
- "a threshold voltage generator for generating threshold voltages used for the A/D conversion and supplying the threshold voltages to the receiving circuit, the threshold voltages being generated from the variable power supply voltage or from a signal having a voltage value proportional to the variable power supply voltage."

For these limitations, Plaintiff merely references the same screen captures, without explaining how the images demonstrate how the Accused Instrumentalities infringe each limitation. *Id.* Except for the allegation that all the other limitations are "shown from the [same] screenshots," Plaintiff has not identified, or even set forth a single factual allegation to support the identification of any type of "transmitting circuit," "receiving circuit," or "threshold voltage generator" in the Accused Instrumentalities, or the implementation of the claimed "multi-value analog signal," "multi-value digital signal," or "threshold voltages" by the Accused Instrumentalities. *Id.* This is far from sufficient.

In *De La Vega*, this Court found that a complaint was "devoid of allegations that would support an inference" that the accused products include or implement a limitation, thereby

5

rendering the infringement claim legally deficient and subject to dismissal. Plaintiff's FAC suffers from the same deficiencies. As this Court noted in the *De La Vaga* case:

> Plaintiff only presented three screenshots of evidence without explaining how that evidence shows that [defendant implements one of the claim limitations]. Plaintiff also does not identify [the limitation] in the context of the accused instrumentality and/or described how each operates. Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the [] limitation, his complaint fails to state a claim upon which relief can be granted.

2020 WL 3528411, at *6; *see also Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (dismissing a direct infringement claim by the plaintiff who "breaks the exemplary claim into individual elements with [] screenshots," finding that "[s]uch a statement, on its own, is a mere conclusory statement," that "screenshots themselves [do not] constitute the requisite factual allegations" and that "Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."). The same finding is warranted here.

To make its allegations appear more substantial than they actually are, Plaintiff inserts some generic "examples" of what the claim language supposedly covers. For instance, the FAC alleges that the claimed "transmitting circuit" is, "e.g.," a "circuit for the transmitter," and that the claimed "receiving circuit" is, "e.g.," a "circuit for the receiver." FAC, ¶ 24. But Plaintiff provides no information regarding what the alleged "transmitter" and "receiver" and their respective circuits are, or how such alleged "transmitter" and "receiver" are related to the Accused Instrumentalities. This type of conclusory pleading that presents nothing more than a superficial parroting of claim limitations is not permissible in patent cases. *See Grecia Estate Holdings LLC v. Meta Platforms, Inc.*, No. 6:21-CV-00677-ADA, 2022 WL 2019296, at *2, 6–8 (W.D. Tex. June 6, 2022) (dismissing with prejudice a complaint despite including claim charts for failing to identify with

4890-0479-4180

particularity any feature in the accused product corresponding to a claim limitation, noting "[b]ecause [the plaintiff] alleges infringing processes general enough to apply a broad range of technologies, their allegations amount to blanket assertions of infringement insufficient to put [the defendant] on notice of [the plaintiff]'s general infringement theory, much less a particular one" and that "[a] complaint is insufficient if it offers only labels and conclusions or a formulaic recitation of the elements of a cause of action.") (internal citation and quotation marks omitted); *see also Vervain*, 2022 WL 23469, *2-5 (dismissing plaintiffs' claims for direct infringement of its NAND flash memory patents for lacking sufficient factual allegations to support the inference that the accused products practice two of the claim elements, despite numerous exhibits and element-by-element mapping, noting that "[i]n cases involving complex technology, a complaint nakedly alleging that the accused product practices the claimed invention's point of novelty will rarely suffice.").

Because Plaintiff fails to provide sufficient factual allegations that the Accused Instrumentalities practice every limitation of at least one exemplary claim, its accusations of direct infringement fall well short of the *Iqbal/Twombly* pleading requirements and should be dismissed.

      **B.**      **Plaintiff's Indirect Infringement Claim Should Be Dismissed.**

To support a claim for indirect infringement, a plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012); *see also Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement …."). As discussed above, the FAC fails to state a plausible claim of direct infringement. Absent a properly pleaded direct infringement claim, the indirect infringement claims cannot stand.

In any event, Plaintiff's indirect infringement claims fail for several additional reasons, which are addressed below.

### 1. Plaintiff Fails to Plead Pre-Suit Knowledge.

To state a claim of induced infringement, a plaintiff must plead that the defendant "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex. LLC v. Toyota Motor N. Am. Inc.*, No. 6:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). A claim for contributory infringement likewise requires pre-suit knowledge of the asserted patent. *See* 35 U.S.C. § 271(c).

Nowhere in the FAC does Plaintiff allege that Razer had pre-suit knowledge of the '112 Patent. *See, e.g.*, FAC, ¶¶ 21, 29-30, 33 (alleging that Razer "now has knowledge" and that Razer "has been on actual notice of the '112 Patent at least as early as the date it received service of the Original Complaint in this litigation."). A complaint that "does not plead any facts that would support an allegation of <u>pre-suit knowledge</u>" fails as a matter of law. *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (emphasis added) (dismissing indirect infringement claims). Plaintiff's indirect infringement claims should be dismissed for this reason alone.

### 2. Plaintiff Fails to Plead Post-Suit Induced Infringement.

Plaintiff also fails to plead facts sufficient to show that a third party directly infringes any claim of the '112 Patent, that Razer has any knowledge of that infringement, or that Razer specifically intends to induce infringement. *See* FAC, ¶¶ 29-30 (allegations merely repeating elements of induced infringement). Instead, Plaintiff declares that these requirements are met without any alleged facts in support, merely listing general business activities that are not specific to the claims of the '112 Patent in any way. *Id.*, ¶ 32 (alleging Razer "has taken active steps to

induce infringement, such as advertising an infringing use"). Yet Plaintiff fails to identify a single advertisement to support this conclusory statement. Plaintiff's generic allegations regarding "advertising" parallel the generic allegations to "marketing and sales tactics" rejected by this Court in *Affinity Labs*. 2014 WL 2892285, at *7 (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of [defendant] actually induced third-parties to infringe the Asserted Patents," finding that "generalized allegations that [defendant] induced others to infringe the Asserted Patents through its marketing and sales tactics are likewise insufficient."); *see also Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-CV-01175-ADA, 2022 WL 299732, at *4 (W.D. Tex. Jan. 31, 2022) ("Instructing others to perform an action 'such to cause infringement' does not plead the intent required by law."). Accordingly, Plaintiff's bare post-suit induced infringement allegations should be dismissed.

### 3. Plaintiff Fails to Plead Post-Suit Contributory Infringement.

Plaintiff also alleges that Razer contributes to direct infringement of the '112 Patent. FAC, ¶ 29. But Plaintiff fails to plead any facts to support its contributory infringement claims.

Plaintiff fails to identify the "component" that allegedly contributes to the infringement. A plaintiff is required to specify the "component," *i.e.*, "an item that was not itself covered by the claims of a patent but that enabled another party to make or use a patented machine, process, or combination." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 (2011). An entire product covered by the patent does not meet the "component" requirement. *See EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *3 (W.D. Tex. Apr. 26, 2022) ("Contributory infringement of a patented device involves the sale, offer to sell, or importing of a component of the device, which is 'not itself technically covered by

the claims of a product or process patent.'").  The Accused Instrumentalities, including Razer's laptop computers, are entire products, not components.

Even assuming that the Accused Instrumentalities were components, which they are not, Plaintiff's allegations still fail as a matter of law.  "A complaint for contributory infringement must include facts supporting the plausibility of the following: (1) the defendant supplies a component that is a material part of a patented invention; (2) the defendant knows that the component is especially made or especially adapted for use in an infringement of such patent; (3) the component is not a staple article or commodity suitable for noninfringing use; and (4) the component is ultimately used in a direct infringement of the patent."  *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015). Nowhere in the FAC does Plaintiff assert that one or more of the Accused Instrumentalities are a "material" part of the claimed invention, that the Accused Instrumentalities have features "especially adopted" for an allegedly infringing use, or that the Accused Instrumentalities are not staple articles suitable for non-infringing use.  Plaintiff's complete failure to allege the necessary elements renders its contributory infringement claims fatally deficient.

    **C.**    **Plaintiff's Willful Infringement Claims Should Be Dismissed.**

Finally, as with its indirect infringement claims, Plaintiff's willful infringement claims must also be dismissed.

To state a claim for willful infringement, a patentee must allege facts showing, among other things, knowledge of the asserted patents and the alleged infringement "as of the time of the claim's filing."  *Monolithic Power Sys. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, *5 (W.D. Tex. Sep. 1, 2021) (dismissing willful infringement claims for lack of factual allegations supporting pre-suit knowledge of infringement); *see also Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, *3 (W.D.

10

Tex. Nov. 30, 2018) (dismissing willful infringement claim that "wholly lacks such factual allegations"). Plaintiff does not allege that Razer had pre-suit knowledge of the '112 Patent. *See* FAC, ¶ 29 (alleging knowledge "through the filing and service of this Complaint"). Plaintiff's willfulness claim fails for this reason alone.

In any event, enhanced damages under 35 U.S.C. § 284 "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior," namely, conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016). But Plaintiff makes no allegations that plausibly show Razer has engaged in any such egregious conduct. At most, Plaintiff alleges—without any factual support—that Razer "has been willfully blind to the patent rights of Plaintiff" because, "on information and belief," Razer allegedly has a practice of "instructing its employees to not review the patents of others." FAC, ¶ 34. This Court has found similar allegations insufficient at the pleading stage. *See, e.g.*, *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019) ("The Court finds that Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness."). The same finding is warranted here.

The FAC ultimately recites nothing more than a generic—and deficient—description of a "garden-variety" patent case, where claims for enhanced damages based on willful infringement are routinely dismissed. *See, e.g.*, *Meetrix*, 2018 WL 8261315, at *3 (dismissing willful infringement claim where "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"). Because Plaintiff fails in its FAC to adequately

11

4890-0479-4180

allege any of the requisite elements necessary to state a claim for enhanced damages based on willful infringement, its willfulness claim should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Razer respectfully requests that the Court dismiss Plaintiff's First Amended Complaint in its entirety.

Dated: December 16, 2022                    Respectfully submitted,

By:    */s/ Christopher Kao*

Steven P. Tepera (Texas State Bar No. 24053510)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
401 Congress Avenue, Suite 1700
Austin, TX  78701-3797
Telephone:   512.580.9600
Facsimile:    512.580.9601
Email: steven.tepera@pillsburylaw.com

Christopher Kao (*admitted*)
  christopher.kao@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone:   415.983.1000
Facsimile:    415.983.1200

*Counsel for Defendant Razer USA Ltd.*

## CERTIFICATE OF SERVICE

I certify that on December 16, 2022, I caused a copy of the foregoing to be served on all counsel of record via the Court's Electronic Filing system.

*/s/ Christopher Kao*

4890-0479-4180