IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WIESBLATT LICENSING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. WA-22-CA-990-FB |
| | ) |
| RAZER USA LTD., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Razer USA Ltd.'s ("Razer") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed on December 16, 2022. (Docket no. 13). To date, the electronic case filing system for this case reflects that no response or opposition to the motion has been filed.[1]

As set forth in the motion, the allegations in Plaintiff's First Amended Complaint for Patent Infringement ("FAC") (docket no. 10) concern U.S. Patent No. 8,396,112 ("'112 Patent"). Plaintiff alleges Razer's "electronics with circuitry for transferring data"–including Razer's laptop computer, the "Razer Blade 15" and Razer's gaming handheld, the "Razer Edge Wi-Fi, Razer Edge Founders Edition, and the Razer Edge 5G" (referred to as the "Accused Instrumentalities" in the FAC)–infringe on Plaintiff's '112 Patent. (FAC, docket no. 10, ¶¶ 19-27). The '112 Patent reportedly teaches circuitries

---

[1] Western District of Texas Local Rule CV-7(d)(2) provides:

> A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion. A response to other motions shall be filed not later than 14 days after the filing of the motion, except as provided by Rule CV-15. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.

However, it is not proper for this Court to grant a motion to dismiss solely based on a party's failure to respond. *Webb v. Morella*, No. 11-30175, 2012 WL 45411 at *2 n.4 (5th Cir. Jan. 9, 2012); *see Luera v. Kleberg Cnty.*, 460 F. App'x 447, 449 (5th Cir. 2012) (noting Fifth Circuit Court of Appeals has "approached the automatic grant of a dispositive motion . . . based solely on a litigant's failure to respond, with considerable aversion; and [has] permitted such dismissal only when there is a record of extreme delay or contumacious conduct.").

and methods for transferring data in devices using multi-value analog signals and variable power supply voltage. Plaintiff additionally alleges that Razer induces and/or contributes to the infringement of the '112 Patent. (*Id.*, ¶ 29). Based on these allegations, Plaintiff asserts claims for direct, indirect and willful infringement of the '112 Patent.

Razer contends that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to plead specific facts to support any of its claims. Specifically, among other things, Razer maintains Plaintiff's claim for direct infringement fails because Plaintiff "pleads only bare conclusory allegations that parrot the claim language and references a handful of screenshots regarding Razer's products without showing how Razer's products are alleged to infringe each limitation of the '112 Patent." (Motion, docket no. 13, page 5). Likewise, Razer argues Plaintiff's claims for indirect and willful infringement fail because the FAC "does not set forth any factual allegations of pre-suit knowledge of the asserted patent, which is required." (*Id.* at page 1) (emphasis in original); *see also* (*id.* at page 12) (citing 35 U.S.C. § 271(c); *Affinity Labs of Tex. LLC v. Toyota Motor N. Am. Inc.*, No. 6:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014)). Therefore, Razer asks the Court to dismiss the complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The standard of review for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), as explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), provides:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

(Quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544; citations omitted). The movant carries the burden of proof for dismissal under rule 12(b)(6). *Burrell v. University of Tex., Med. Branch*, No. H-09-3932, 2010 WL 1640939 at *2 (S.D. Tex. Apr. 21, 2010).

The Court has reviewed Plaintiff's FAC in light of the foregoing standard as well as Razer's motion and the arguments and authorities presented therein. Based on the arguments and authorities presented and a review of the record in this case, the Court finds the motion has merit and should be granted.

Accordingly, IT IS HEREBY ORDERED that Defendant Razer USA LTD.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 13) is GRANTED such that all claims asserted in this cause of action and this case are DISMISSED. Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 4th day of January, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE